# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CECILIA ROTELLI, | DOCKET NUMBER |
| Appellant, | SF-315H-17-0113-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: July 15, 2022 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Cecilia Rotelli</u>, Auburn, Washington, pro se.

<u>Leonard R. Rippey</u> and <u>Sandra J. Morris</u>, Esquire, North Charleston, South Carolina, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

cause shown.  5 C.F.R. § 1201.114(e), (g).  We FORWARD the appellant's claim that the agency breached the settlement agreement to the Western Regional Office for docketing of a petition for enforcement.  5 C.F.R. § 1201.182(a).

## BACKGROUND

¶2        On November 27, 2016, the appellant filed an initial appeal challenging her November 2016 termination from an Administrative Specialist position with the Space and Naval Warfare Center.  Initial Appeal File (IAF), Tab 1.  On February 14, 2017, the appellant and the agency submitted an amended settlement agreement to the Board.  IAF, Tabs 25, 28.  Among other things, the settlement called for the agency to rescind its termination of the appellant and replace the existing Standard Form 50 in her Official Personnel File with one denoting that she voluntarily resigned.  IAF, Tab 28 at 1.  The administrative judge determined that the agreement was lawful on its face and voluntarily entered into and understood by the parties.  IAF, Tab 30, Initial Decision (ID) at 2-3.  He issued an initial decision entering the agreement into the record for enforcement purposes, consistent with its terms, and dismissing the appeal as settled.  *Id.*; IAF, Tab 25 at 7.  The initial decision informed the parties that it would become the final decision of the Board on March 24, 2017, unless a petition for review was filed by that date.  ID at 4.

¶3        On October 31, 2017, over 7 months after the deadline to file, the appellant filed a petition for review asking the Board "to review the settlement agreement and the case itself, and the decision to approve."  Petition for Review (PFR) File, Tab 2 at 4.  The Clerk of the Board informed the appellant that her submission was untimely and that the Board would consider the merits of her petition only upon establishment of good cause.  PFR File, Tab 2 at 3, Tab 3.  The appellant submitted a motion to waive the time limit, along with other supporting documentation, asserting that she did not realize that she could file a petition for review or that she had any other recourse and that she had fired her attorney just 4

days before the deadline to file. PFR File, Tab 4. She further asserts that, at the time of the settlement, she was in shock and dealing with the fallout of her loss of employment, which included scrambling to move from one state to another, financial hardship, and searching for new employment. *Id.* at 4-7. She also indicates that she suffered from medical conditions but denies that they affected her ability to timely file her petition for review. *Id.* at 6. The appellant asserts that, from the time of the settlement until her filing of the petition for review, she has "completed over 150 job applications to no avail." PFR File, Tab 2 at 4, Tab 4 at 6. The appellant additionally asserts that she did not learn the full effect of the settlement on her retirement benefits until August 2017 and appears to allege that either the agency or the Office of Personnel Management (OPM) have provided her with confusing or incorrect information as to her retirement and benefits due to the agency's alleged failure to comply with the provisions of the settlement agreement that required it to substitute a resignation for its termination action. PFR File, Tab 2 at 3-4, Tab 4 at 5-6, 18.

¶4 Alongside her attempt to show good cause for waiving the filing deadline, the appellant additionally challenges the validity of the settlement itself as well as the underlying probationary termination that prompted the settlement. PFR File, Tab 2 at 4-5, Tab 4 at 4-5. Among these arguments are that she was coerced into the settlement by her attorney and that the settlement resulted from the agency's misinformation and thus it was involuntary or fraudulent, her termination was the result of retaliation for whistleblowing, and her termination was contrary to her understanding that her position was permanent. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 It is undisputed that the appellant's petition for review is untimely. The Board will waive the time limit to file a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.12, 1201.114(g). To establish good cause for waiving an untimely filing of an appeal, a party must

show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Smith v. Office of Personnel Management*, 93 M.S.P.R. 394, ¶ 4 (2003). To determine whether an individual has shown good cause for an untimely filing, the Board will consider the length of the delay, the reasonableness of the excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        Notwithstanding the appellant's pro se status, her more than 7-month delay in filing is significant. *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 13 (2011) (finding a delay of more than 7 months significant); *Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding a 1-month delay in filing significant, despite the appellant's pro se status), *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008). Regardless of the situation between the appellant and her attorney, it is well established that the right of appeal is personal to the appellant, whether or not she is represented, and she remains responsible for the prosecution and development of her appeal. *Smith*, 93 M.S.P.R. 394, ¶ 5. When an initial decision clearly informs an appellant of her ability to file a petition for review, her failure to read or understand the document does not show the due diligence necessary to constitute good cause for a waiver of the filing deadline. *See Njoku v. Department of Homeland Security*, 111 M.S.P.R. 262, ¶¶ 2, 5, 7 (2009) (finding an appellant's failure to follow the explicit filing instructions in the initial decision, specifically regarding the right to request the Board's review of a settlement agreement within a designated time frame, does not constitute good cause for a delay in filing). Thus, we decline to excuse the appellant's untimely

filing based on her claimed ignorance of the filing deadline and poor representation of her attorney.

¶7     Additionally, the appellant's dissatisfaction with the terms of the settlement agreement does not constitute good cause for a waiver of the filing deadline. *Eagleheart v. U.S. Postal Service*, 102 M.S.P.R. 672, ¶ 13 (2006). Likewise, her arguments on the merits of the underlying personnel action and the settlement that ensued are not relevant to the timeliness issue. *Gaines v. U.S. Postal Service*, 96 M.S.P.R. 504, ¶ 7 (2004).

¶8     Moreover, an appellant's general personal difficulties, including financial hardship, do not constitute good cause for waiving the filing deadline. *Melville v. Department of the Air Force*, 99 M.S.P.R. 233, ¶ 7 (2005); *Gaines*, 96 M.S.P.R. 504, ¶ 7. On the contrary, an appellant's submission or filing of alternative matters—here, the appellant's over 150 job applications—undermines her claim of good cause. *See Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶¶ 22-23 (2016) (indicating that an appellant's filing for disability retirement during the relevant period suggested that he could have timely filed his Board appeal during the same period). While the appellant has alleged she suffered from medical conditions during an unspecified period, she has denied these contributed to her delay and has not submitted any corroborating evidence. *Melville*, 99 M.S.P.R. 233, ¶ 7.

¶9     Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appeal as settled.

¶10    Notwithstanding the foregoing, as noted above, the appellant claims that the agency has not complied with the settlement agreement. Specifically, she alleges that the agency has failed to update her personnel file to reflect her voluntary resignation and instead maintains that she was terminated. PFR File, Tab 2 at 4,

Tab 4 at 6.  A petition for enforcement of a settlement agreement must be filed in the first instance with the Board's regional or field office that issued the initial decision.  5 C.F.R. § 1201.182(a).  Under the circumstances, the appropriate course is to forward the appellant's claim to the regional office for docketing of a petition for enforcement.  *See Gard v. Department of Education*, 97 M.S.P.R. 64, ¶¶ 7-8 (2004) (dismissing as untimely filed with no good cause a petition for review in which the appellant expressed dissatisfaction with the settlement process, but forwarding the appellant's allegations of noncompliance to the regional office for docketing of a petition for enforcement).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action

was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           /s/ for _____

                         Jennifer Everling
                         Acting Clerk of the Board

Washington, D.C.