**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHAEL A. DAY, | DOCKET NUMBER |
| Appellant, | PH-0752-16-0409-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: April 14, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gale R. Thames, Washington, D.C., for the appellant.

Stephen W. Furgeson, Esquire, Landover, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the agency's incomplete notice of appeal rights in its removal decision, we AFFIRM the initial decision.

## BACKGROUND

¶2     The following facts are undisputed. Effective May 28, 2016, the agency removed the appellant from Federal service. Initial Appeal File (IAF), Tab 1 at 2, 11-13, Tab 14, Initial Decision (ID) at 2. In the decision letter, the agency notified the appellant that he had the right to appeal to the Board within 30 calendar days from the May 28, 2016 effective date of his removal. IAF, Tab 1 at 13. The agency served him with the removal decision letter on May 31, 2016, and he filed an appeal with the Board on August 1, 2016, which was 62 days after his receipt of the removal decision letter. IAF, Tab 1 at 1, Tab 6 at 5, 11; ID at 2.

¶3     The administrative judge informed the appellant that his appeal appeared to be untimely, advised him of his burden of proof on timeliness, and ordered him to submit evidence and argument on the issue. IAF, Tab 1 at 2, Tab 5. The agency responded by filing a motion to dismiss the appeal as untimely filed. IAF, Tab 6 at 6-8. The appellant, through his designated representative, responded to the

administrative judge's timeliness order by conceding that his removal appeal was untimely and providing no argument that he had good cause for filing his appeal late.  ID at 2-3; IAF, Tab 8 at 1.

¶4        The administrative judge advised the parties that he believed it appeared appropriate to dismiss the appeal as untimely and ordered the appellant to provide written notification, before November 14, 2016, if he objected to the dismissal. IAF, Tab 13 at 2.   The appellant did not respond to the order, and the administrative judge issued an initial decision that dismissed the appeal as untimely filed without holding the hearing that the appellant requested.   ID at 2-4; IAF, Tab 1 at 1.

¶5        The appellant has filed a petition for review arguing that he had good cause for his filing delay.  Petition for Review (PFR) File, Tab 1 at 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        To be timely, an appellant must file his appeal within 30 calendar days after the effective date of the challenged action or receipt of the agency's decision, whichever is later.  *See* 5 C.F.R. § 1201.22(b).  Here, the appellant's removal was effective on May 28, 2016.  IAF, Tab 1 at 11.  However, the agency submitted proof that he received the decision letter on May 31, 2016.  IAF, Tab 6 at 5, 11; ID at 4.  Thus, the appellant's deadline for filing his appeal was June 30, 2016, and he filed his appeal over 1-month late, on August 1, 2016.  IAF, Tab 1.  The parties do not dispute the administrative judge's finding that the appeal was untimely filed, and we decline to disturb this finding on review.  ID at 4.

¶7        For the first time on review, however, the appellant attempts to prove good cause for his untimely filing by arguing that he was taking medication and receiving treatment for an ongoing health condition and that he did not understand the importance of the notice in the removal decision letter.  PFR File, Tab 1 at 2.  The appellant also argues that the administrative judge improperly based his decision on the facts in a grievance decision in which the appellant

prevailed 5 years ago. *Id.* The administrative judge found that the appellant failed to meet his burden to show good cause for his filing delay. ID at 4. For the reasons discussed below, we agree.

¶8        The Board will waive the filing time limit for an appeal only upon a showing of good cause for the delay. 5 C.F.R. §§ 1201.12, 1201.22(c). To establish good cause, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd per curiam*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶9        An agency's failure to provide complete notice of Board appeal rights is a factor in the good cause determination. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶¶ 11-12 (2011). Here, the administrative judge found that the agency's notice to the appellant regarding his Board appeal rights in the removal decision was sufficient. ID at 4. However, although the agency advised the appellant of his right to file an appeal within 30 days of the effective date of the removal, it failed to advise him that he could file an appeal within 30 days from receipt of the decision, if later. IAF, Tab 1 at 13; *see* 5 C.F.R. §§ 1201.21(a) (requiring an agency to advise an employee of the time limits for filing an appeal when issuing a decision notice on a matter that is appealable to the Board), 1201.22(b) (setting forth the relevant time limits). The notice also was deficient in that it did not advise the appellant of his right to file a grievance or how such an election would affect his right to file an appeal. IAF, Tab 1 at 13, Tab 6 at 5,

10-12, Tab 7 at 1; *see* 5 C.F.R. § 1201.21(d) (requiring such notice). Further, the removal decision letter did not inform the appellant that his appeal would be dismissed as untimely filed unless a good reason was shown for the delay. IAF, Tab 1 at 13; *see Mauldin*, 115 M.S.P.R. 513, ¶ 10 (explaining that such notice is required by 5 C.F.R. §§ 1201.21(a) and 1201.22(c)). Therefore, we modify the initial decision to consider the effect that the agency's deficient notice had in determining whether the appellant has shown good cause for his delay, still finding that the appellant did not demonstrate good cause.

¶10      The 32-day filing delay here was significant. *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding that a 1-month delay in filing a petition for review was significant), *aff'd per curiam*, 301 F. App'x 982 (Fed. Cir. 2008). Further, the appellant, who is represented, conceded below that his appeal was untimely and provided no explanation or showing of due diligence.[3] IAF, Tab 1 at 4, Tab 2, Tab 5 at 2-3, Tab 8 at 1; ID at 2-4.

¶11      The agency informed the appellant that he could file his appeal within 30 days of the May 28, 2016 effective date of the action. IAF, Tab 1 at 13. This was an error, because the appellant had an additional 3 days, or 30 days from his May 31, 2016 receipt of the removal decision, to file his appeal. IAF, Tab 6 at 5, 11; *see* 5 C.F.R. § 1201.22(b). However, because the agency's deficiency should have caused the appellant to file his appeal too early, rather than too late, and his delay far exceeded these additional 3 days, we find that this deficiency did not contribute to the delay. In addition, the agency's failure here to explain the implications of an untimely filing was not good cause for the delay. IAF, Tab 1 at 13; *see Mauldin*, 115 M.S.P.R. 513, ¶¶ 10-14 (concluding that the agency's

---

[3] Instead of explaining his delay, the appellant requested that he be permitted to proceed with a constructive suspension appeal. IAF, Tab 1 at 8. The Board docketed a new appeal to adjudicate this claim separately. *Day v. U.S. Postal Service*, MSPB Docket No. PH-0752-17-0063-I-1, Initial Decision at 1 & n.1 (July 20, 2017). The appellant's suspension was reversed by the administrative judge. *Id.* at 2, 5. That decision is now final.

failure to provide an employee with notice that his appeal would be dismissed if untimely unless good cause was shown for the delay was insufficient to excuse the employee's untimeliness because, as pertinent here, he failed to present evidence that the deficient notice was the cause of his delay).

¶12     As for the agency's failure to notify the appellant of his grievance rights or the effect of filing a grievance on his Board appeal rights, the appellant indicates that he is preference eligible. IAF, Tab 1 at 1. Preference-eligible employees in the U.S. Postal Service are entitled to simultaneously pursue both a grievance and a Board appeal. *Blanding v. U.S. Postal Service*, 121 M.S.P.R. 248, ¶ 5 (2014). The appellant did, in fact, file such a grievance. IAF, Tab 1 at 8, Tab 6 at 5, 10-11. In acknowledging that he filed an untimely appeal, the appellant stated that his "termination has been sent forward to arbitration." IAF, Tab 8 at 1. Thus, the agency's failure to notify him that he could file both a grievance and a Board appeal does not appear to have discouraged the appellant from filing his appeal. *Id.*; PFR File, Tab 1 at 2.

¶13     For the first time on review, the appellant alleges that when he received the removal decision he "was under treatment for emotional distress and was under medication prescribed by his treating physician." PFR File, Tab 1 at 2. He argues that he was therefore unable to understand his appeal rights. *Id.* The Board will find good cause for an untimely filing when a party demonstrates that he was unable to file a timely appeal due to illness or mental or physical incapacity. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). However, because the appellant did not claim below that his appeal was untimely because of illness or medical incapacity, we decline to consider this new argument on review.[4] ID at 2-4. The Board generally will not consider

---

[4] The Board held in *Lacy* that, when an appellant states that the reason for a filing delay is physical or mental illness, he must receive explicit information regarding the legal standard for establishing good cause on that basis, and he must be afforded a fair opportunity to submit evidence and argument to show that he met that standard. 78 M.S.P.R. at 438. Here, however, the appellant neither explicitly nor implicitly

arguments raised for the first time in a petition for review absent a showing that the appellant based his arguments on new and material evidence not previously available despite his due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant in this case has not made the required showing.

¶14 Finally, contrary to the appellant's argument on review, the administrative judge did not rely on a grievance decision from 5 years prior in finding his Board appeal untimely. ID at 1-4; PFR File, Tab 1 at 2.

¶15 Accordingly, we affirm the dismissal of the appeal as untimely filed.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

provided sufficient information to trigger an obligation on the part of the administrative judge to clarify whether a medical condition was the reason for his delay in filing his appeal. *Cf. Adams v. Office of Personnel Management*, 98 M.S.P.R. 541, ¶ 15 (2005) (finding that the appellant's reference, on appeal, to his mental health condition and its effects triggered the administrative judge's obligation to provide specific notice of what was required to demonstrate that the untimely filing was the result of illness, although the appellant did not explicitly state that was why he filed his appeal late).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                 _____
                                 Jennifer Everling
                                 Acting Clerk of the Board
Washington, D.C.