# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDRE J. BOWSER, | DOCKET NUMBER |
| Appellant, | NY-315I-17-0065-I-1 |
| v. | |
| ENVIRONMENTAL PROTECTION AGENCY, | DATE:  February 2, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andre J. Bowser, Holyoke, Massachusetts, pro se.

Amanda B. Stulman, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his supervisory probationary reassignment for lack of Board jurisdiction.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

¶2        The petition for review was filed over 14 months after the filing deadline. Initial Appeal File (IAF), Tab 12, Initial Decision (ID) at 5; Petition for Review (PFR) File, Tabs 1, 3.   In his motion to waive the deadline, the appellant explained that he was deployed on military orders during the adjudication of his Board appeal and was "on military convalescence leave (in hospital)" for several weeks after the initial decision was issued.  PFR File, Tab 3 at 4.  The appellant also indicates that he has been a "physical/mental health trauma patient" since returning from his deployment, and that he is "currently homeless and did not have regular access to a computer."  *Id.* at 4-6.  The appellant attaches a copy of his military orders and a Department of Veterans Affairs disability rating letter. *Id.* at 9-17, 19-20.

¶3        Aside from asserting that he has a service-connected disability, the appellant has not explained what relation his disability has to any medical condition, or explained how it prevented him from timely filing a petition for review.   We conclude that the appellant has not offered sufficient medical evidence or other corroborating evidence to support his claim.  *See Chalom v. Department of the Navy*, 86 M.S.P.R. 218, ¶ 5 (2000) (noting that in order to establish that an appellant's untimely petition for review was the result of illness, he must:  (1) identify the time period during which he suffered from the illness; (2) submit medical and/or corroborating evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his petition or a request for an extension of time); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437-38 (1998). Additionally, the over 14-month filing delay is significant.  *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding a 1-month filing delay significant), *aff'd per curium*, 301 F. App'x 982 (Fed. Cir. 2008).  As such, the appellant has not shown that he exercised due diligence or ordinary prudence under the particular circumstances of this case, and thus he has not shown good cause for

the delay in filing.[2]  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

¶4        Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[2] Under the Servicemembers Civil Relief Act of 2003 (SCRA), 50 U.S.C. § 3936, and its predecessor, the Soldiers' and Sailors' Civil Relief Act of 1940 (SSCRA), 50 U.S.C. § 526(a), the "period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns." 50 U.S.C. § 526(a); *see Brown v. U.S. Postal Service*, 106 M.S.P.R. 12, ¶¶ 12-14 (2007) (applying the SCRA tolling provision to Board proceedings).  The Board has also held that the relevant filing periods are automatically tolled for periods during which a servicemember is on active duty, and an appellant "need not show that the circumstances of his military service actually impaired his ability to pursue his legal rights in a timely fashion." *Neighoff v. Department of Homeland Security*, 122 M.S.P.R. 86, ¶ 10 (2015) (quoting *Henry v. U.S. Postal Service*, 69 M.S.P.R. 555, 558 (1996)).  Here, as the agency correctly observed, the documentation submitted by the appellant shows that his active duty deployment ended on February 15, 2017, at the latest—before the administrative judge issued the initial decision in this case—and the appellant has not argued that he has served in another active duty deployment since that date.  PFR File, Tab 3 at 17, 20.  Accordingly, the automatic tolling provision of the SCRA is not applicable here.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

 If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

 If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

 **(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below: http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:     *Gina K. Grippando*

                 _____
                 Gina K. Grippando
                 Clerk of the Board

Washington, D.C.