NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3221

RAYMON L. CROOK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Raymon L. Crook, of Orlando, Florida, pro se.

Stephanie M. Conley, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Calvin M. Morrow, Acting Assistant General Counsel for Litigation.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3221

RAYMON L. CROOK,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board
in AT0752071004-I-1.

———————————————

DECIDED:  December 8, 2008

———————————————

Before RADER, BRYSON, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Raymon L. Crook challenges the decision of the Merit Systems Protection Board dismissing his petition for review as untimely filed.  We <u>affirm</u>.

## BACKGROUND

Mr. Crook was a mail handler and truck driver for the United States Postal Service in Orlando, Florida.  The Postal Service terminated Mr. Crook during his

probationary period in 1997 for making false statements in his employment application. Mr. Crook then took an appeal to the Merit Systems Protection Board, challenging his removal and the Postal Service's 2007 decision not to reinstate him. The administrative judge who was assigned to his case found that Mr. Crook did not have the right to appeal to the Board and therefore dismissed his appeal for lack of jurisdiction. The initial decision stated that it would become the Board's final decision on December 11, 2007, unless Mr. Crook filed a petition for review with the full Board by that date.

On January 9, 2008, Mr. Crook filed a petition for review with the full Board in which he explained that he had mistakenly believed he had 60 days to file the petition. Mr. Crook stated in his petition that he had called the office of the clerk of the Board on January 7, 2008, and was advised that he could still submit his petition for review. In a letter dated January 10, 2008, the clerk's office notified Mr. Crook that his petition was untimely but that he could submit a motion seeking to have the untimeliness excused for good cause shown. Mr. Crook filed a motion in response to that notice, but the Board denied the motion and dismissed his petition for review as untimely. Mr. Crook then petitioned for review by this court.

DISCUSSION

Board regulations provide that a petition for review of an initial decision must be filed within 35 days after issuance of the initial decision or, if the petitioner shows that he received the initial decision more than five days after its issuance, within 30 days of receipt of the initial decision. 5 C.F.R. § 1201.114(d). The Board can waive the time limit if the petitioner shows good cause for the delay. Id. § 1201.114(e). To establish good cause, the petitioner must demonstrate that he exercised due diligence or ordinary

prudence under the circumstances. Phillips v. U.S. Postal Serv., 695 F.2d 1389, 1391 (Fed. Cir. 1982). Whether a regulatory time limit should be excused for good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Prot. Bd., 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

Because the initial decision was issued on November 6, 2007, Mr. Crook's petition for review—which he filed on January 9, 2008—was approximately one month late. Mr. Crook does not dispute that his petition was untimely, but he argues that the Board should have waived the filing deadline. Mr. Crook points out that the initial decision indicated that final decisions of the Board must be appealed to this court within 60 days, and he contends that because of that reference to a 60-day period, he was confused as to the proper deadline to petition the Board for review of the initial decision. The initial decision, however, explicitly informed Mr. Crook that it would become final on December 11, 2007, unless he petitioned the full Board for review by that date. The Board acknowledged that Mr. Crook was acting pro se, but declined to find good cause for his late filing in light of the initial decision's clear articulation of the time limit and Mr. Crook's significant one-month delay in filing. We see no reason to disturb the Board's determination that Mr. Crook failed to show that he exercised due diligence justifying waiver of the filing deadline.

Although Mr. Crook asserts that he called the clerk's office at the Board and contends that he was informed by a representative there that he had 60 days in which to petition the Board for review, he admits that his conversation with a Board representative did not occur until January 7, 2008, which was nearly a month after the

filing deadline had passed. Thus, the Board correctly concluded that any misinformation that may have been provided to Mr. Crook by the clerk's office cannot have contributed to his failure to file a timely petition for review.

Mr. Crook also contends that the Board failed to take into account his misapprehension of the direction in the initial decision not to "submit anything to the Board that is already part of the record" when filing a petition for review. He argues that it was the apparent conflict between that language and the instruction from the clerk's office that he could still submit his petition that caused his untimely filing. Again, however, any confusion stemming from a conversation that took place after the filing deadline had expired cannot constitute good cause for the untimeliness of his petition. Even aside from the discussion with the clerk's office, the language in the initial decision regarding duplicative submissions does not excuse Mr. Crook's delay because the decision clearly indicated that a petition must be filed with the Board and indicated the date by which the petition would have to be filed.

Finally, Mr. Crook states that he filed a petition for review online through the Board's electronic filing system but that he cannot provide documentation to that effect. It is unclear whether Mr. Crook is claiming that he in fact filed electronically prior to the deadline. However, Mr. Crook failed to assert before the Board that he timely filed online, and he cannot present that argument for the first time on appeal. We also cannot address Mr. Crook's argument that he was wrongly terminated, because that issue has no bearing on whether he timely filed his petition for review. In determining whether Mr. Crook exercised due diligence excusing his delay, the Board properly considered the length of the delay, the fact that he was clearly notified of the time limit,

the existence of circumstances affecting his ability to comply with the deadline, as well as Mr. Crook's pro se status. See Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994). We find no abuse of discretion in the Board's decision that Mr. Crook failed to show good cause for his untimely filing, and we therefore affirm the dismissal of his appeal on that ground.