## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ILLONA A. RAMSEY,
                Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
                Agency.

DOCKET NUMBER
DC-0432-14-0918-I-2

DATE: May 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

ILLona A. Ramsey, Wardensville, West Virginia, pro se.

David Myers, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely refiled. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The agency removed the appellant for unacceptable performance and the appellant filed an appeal with the Board. *See Ramsey v. Department of Homeland Security*, MSPB Docket No. DC-0432-14-0918-I-1, Initial Appeal File (IAF), Tabs 1, 7 at 104. The appellant subsequently asked the administrative judge to dismiss her appeal without prejudice for a period of 90 days to obtain legal counsel. IAF, Tab 8. The administrative judge issued an initial decision granting the appellant's request and dismissing the appeal without prejudice to refiling for a period of up to 120 days. IAF, Tab 9, Initial Decision (I-1 ID) at 3. In the initial decision, the administrative judge advised the appellant that she could not refile her appeal sooner than 36 days after the September 8, 2014 initial decision. *Id*. The administrative judge also warned the appellant that her failure to refile her appeal in time for receipt by the Board within 120 days of the September 8, 2014 initial decision would result in the dismissal of her appeal with prejudice to refiling. *Id*. The administrative judge noted that during the teleconference he explained that the appellant was required to refile her appeal within the 120-day period to be timely and that the appellant stated that she understood. I-1 ID at n.*.

¶3　　　On January 22, 2015, the pro se appellant refiled her appeal 16 days after the expiration of the January 6, 2015 filing deadline.  *See Ramsey v. Department of Homeland Security*, MSPB Docket No. DC-0432-14-0918-I-2, Refiled Appeal File (RAF), Tab 1.  The administrative judge informed the appellant that she refiled her appeal late and advised her of the applicable standards for determining whether good cause existed to waive the refiling deadline.  RAF, Tab 2 at 2.  The administrative judge also ordered the appellant to file evidence and argument to support a finding of good cause to waive the refiling deadline.  *Id*. at 3.  The appellant failed to respond to the administrative judge's order, and the agency filed a motion to dismiss the appeal.  RAF, Tab 3.

¶4　　　The administrative judge issued an initial decision dismissing the appeal with prejudice to refiling based on his finding that the unrefuted record proved that the appellant refiled an untimely appeal without a showing of good cause. RAF, Tab 4, Initial Decision at 4.  In reaching his decision, the administrative judge noted that he explicitly warned the appellant that her failure to refile her appeal on time would result in the dismissal of her appeal with prejudice to refiling and that the appellant provided no evidence or argument to support finding good cause to waive the refiling deadline.  *Id*.  The appellant filed a petition for review of the initial decision explaining that she was confused about the refiling deadline and asking the Board to reopen her appeal.  Petition for Review (PFR) File, Tab 1 at 3.  The agency filed a response in opposition to her petition.  PFR File, Tab 3.

¶5　　　The Board has identified specific standards for determining whether good cause exists for excusing an untimely-refiled appeal of a matter previously dismissed without prejudice.  *Sherman v. U.S. Postal Service*, [118 M.S.P.R. 265](#), ¶ 9 (2012).  These include the following: the appellant's pro se status; the timeliness of the initial appeal; the appellant's demonstrated intent throughout the proceedings to refile the appeal; the length of the delay in refiling; confusion surrounding and arbitrariness of the refiling deadline; the number of prior

dismissals without prejudice; the agency's failure to object to the dismissal without prejudice; and the lack of prejudice to the agency in allowing the refiled appeal. *Id.*

¶6        For the first time on review, the appellant argues that she erroneously assumed that the first 36 days "were not to be considered towards the 120 day period that [she] had to re-submit [her] case." PFR File, Tab 1 at 3. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that the appellant based her argument on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant in this case did not make the required showing in her petition for review. Moreover, the appellant also failed to respond to the administrative judge's show cause order, or to the agency's motion to dismiss her refiled appeal, and she failed to explain in her petition for review why she did not respond below. As a result, we find that the administrative judge properly dismissed the appeal as untimely refiled without a showing of good cause.[2] *See Sledge v. Department of Justice*, 44 M.S.P.R. 455, 459, *aff'd*, 923 F.2d 870 (Fed. Cir. 1990) (Table).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[2] The initial decision dismissing this appeal without prejudice to refiling clearly informed the appellant of the 120-day deadline for refiling her appeal, and the Board has declined to find good cause for an untimely filing where, as here, the initial decision clearly notified the appellant of the filing time limit. *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (2008), *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008). Moreover, the undisputed record reflects that the administrative judge explained the refiling deadline to the appellant at the teleconference. I-1 ID at 3 n.*; RAF, Tab 2 at 1-2.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.