# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANDRE J. BOWSER,
    Appellant,

  v.

ENVIRONMENTAL PROTECTION
  AGENCY,
    Agency.

DOCKET NUMBER
NY-4324-17-0066-I-1

DATE:  March 27, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andre J. Bowser, Holyoke, Massachusetts, pro se.

Amanda B. Stulman, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) appeal for failure to prosecute.  For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

## BACKGROUND

On June 28, 2015, the appellant was transferred from his position in the Department of Labor's Office of Public Affairs to a competitive service GS-14 Supervisory Public Affairs Specialist position with the Environmental Protection Agency. Initial Appeal File (IAF), Tab 9 at 35; *see* Petition for Review (PFR) File, Tab 1 at 11. The appellant's promotion to a supervisory position was subject to his satisfactory competition of a 1-year probationary period. IAF, Tab 9 at 35. On March 16, 2016, the agency issued a letter advising the appellant that, due to performance deficiencies and based on his inability to demonstrate effective leadership, he did not satisfactorily complete his 1-year supervisory probationary period. IAF, Tab 10 at 27-32. The letter also informed the appellant that he was being reassigned to a non-supervisory position, effective April 16, 2016. *Id.* at 27.

On April 29, 2016, the appellant filed an EEO complaint, alleging that the agency discriminated against him on the basis of his "parental and marital" status, in retaliation for his military service, and in reprisal for his EEO activity when it reassigned him to a non-supervisory position. IAF, Tab 1 at 12, 17-35. By a December 7, 2016 email, the agency provided the appellant with a copy of the Report of Investigation regarding his claim and informed him that because it had not issued a final decision within 120 days after the date he filed his complaint, he had the immediate right to file an appeal with the Board. IAF, Tab 1 at 8-10.

The appellant filed a timely appeal with the Board on December 29, 2016, alleging that the agency reduced him in grade and reassigned him to a nonsupervisory position based on "parental and marital status discrimination," and military status discrimination in violation of USERRA. IAF, Tab 1 at 5. The administrative judge issued an order informing the appellant that because he was reassigned while serving in a supervisory probationary period, the Board may not have jurisdiction over his appeal, and apprising him of his burden of establishing Board jurisdiction over his appeal. IAF, Tab 2 at 2-3. The administrative judge

also issued an order separately docketing the appellant's military status discrimination claim as the instant USERRA appeal. IAF, Tab 3. On January 20, 2017, the administrative judge issued a second jurisdictional order which provided the appellant with the requisite notice of the Board's jurisdictional standard for USERRA appeals and ordered him to submit evidence or argument demonstrating that the Board had jurisdiction over his appeal within 10 days. IAF, Tab 8.

After the appellant failed to respond, the administrative judge issued a Second Order to Show Cause. IAF, Tab 12. The February 3, 2017 order summarized the appellant's failure to submit a jurisdictional response and stated that his failure to respond to the second show cause order would result in dismissal of his appeal. *Id.* On February 6, 2017, the appellant submitted a narrative response addressing both his USERRA and "marital and parental" status discrimination claims. IAF, Tab 13. On February 13, 2017, the administrative judge issued an order setting a telephonic status conference for February 27th. IAF, Tab 14. The appellant failed to call in to the scheduled status conference, and on February 27, 2017, the administrative judge issued an order summarizing the conference, noting that the appellant's continued failure to comply with her orders would result in sanctions, "to include the dismissal of his appeal with prejudice," and ordering the appellant to file evidence and argument demonstrating good cause for his failure to appear no later than March 6, 2017. IAF, Tab 15. Having received no response, on March 7, 2017, the administrative judge issued an initial decision dismissing the appeal with prejudice for failure to prosecute, IAF, Tab 16, Initial Decision (ID) at 1-3.

The initial decision became final on April 11, 2017. ID at 3. On July 9, 2018, the appellant filed a pleading titled "Motion for Compensatory Damages," which was docketed as a petition for review of the March 7, 2017 initial decision. PFR File, Tabs 1, 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

The petition for review is filed late by more than 1 year and 2 months. The Board's regulations require a petition for review to be filed within 35 days after the initial decision is issued; or, if a party shows that he received the initial decision more than 5 days after issuance, within 30 days after receiving it. 5 C.F.R. § 1201.114(e). The Board will excuse the untimely filing of a petition for review only upon a showing of good cause for the delay. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 4 (2014); 5 C.F.R. § 1201.114(g). An untimely filed petition for review must be accompanied by a motion that shows good cause for the delay in filing and an affidavit or sworn statement that includes a specific and detailed description of the circumstances causing the delay. *Palermo*, 120 M.S.P.R. 694, ¶ 4.

The Office of the Clerk of the Board acknowledged receiving the petition for review and informed the appellant that: (1) the petition was untimely filed; (2) the Board's regulations require that a petition that appears to be untimely filed be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause; (3) such a motion must be supported by an affidavit or declaration made under penalty of perjury showing either that the petition was timely filed or that there is good cause for the late filing; and (4) the Board may dismiss the petition for review as untimely if the appellant did not provide a motion with an affidavit or declaration. PFR File, Tab 2 at 1-2. The appellant filed a motion for the Board to waive the filing deadline for good cause shown. PFR File, Tab 5 at 4-8. In his pleading, the appellant explained that he was deployed on military orders during the adjudication of his Board appeal, and was "on military convalescence leave (in hospital)" for several weeks after the initial decision was issued. *Id.* at 4. The appellant also indicated that he has been a "physical/mental health trauma patient" since returning from his deployment, and that he is "currently homeless and did not have regular access to a computer." *Id.* at 4-6. The appellant also attached a copy of his military orders and a

Department of Veterans Affairs disability rating letter. *Id.* at 9-17, 19-20. Addressing the merits of his claim, the appellant argued that he was subject to "undue scrutiny, harsh words, and generally poor treatment" leading up to his reassignment, and that his complaint is based on "military discrimination, as well as parental and marital discrimination." *Id.* at 6-8.

To establish good cause for waiving the Board's filing deadline, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed.Cir.1996) (Table). Similarly, in order to establish that an appellant's untimely petition for review was the result of illness, he must: (1) identify the time period during which he suffered from the illness; (2) submit medical and/or corroborating evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his petition or a request for an extension of time. *Chalom v. Department of the Navy*, 86 M.S.P.R. 218, ¶ 5 (2000); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437-38 (1998).

The appellant is pro se, but the delay here was significant. *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding a 1-month filing delay significant), *aff'd per curium*, 301 F. App'x 982 (Fed. Cir. 2008). Aside from asserting that he has a service-connected disability, the appellant has not explained what relation his disability has to any medical condition, or explained how it prevented him from timely filing a petition for review. *See* PFR File,

Tab 5 at 19-20. Based on the provided record, the appellant has not met his burden of establishing good cause for his delay in filing due to an illness or medical condition.

Regarding the appellant's argument that his failure to respond to the administrative judge's orders and his delay in filing his petition for review is due to the fact that he was on military deployment, we similarly find no merit to the appellant's argument. Although the appellant has not specifically identified the applicable statutory provision, under the Servicemembers Civil Relief Act of 2003 (SCRA), 50 U.S.C. § 3936 and its predecessor, the Soldiers' and Sailors' Civil Relief Act of 1940 (SSCRA), 50 U.S.C. § 526(a), the "period of a servicemember's military service may not be included in computing any period limited by law, regulation, or order for the bringing of any action or proceeding in a court, or in any board, bureau, commission, department, or other agency of a State (or political subdivision of a State) or the United States by or against the servicemember or the servicemember's heirs, executors, administrators, or assigns." 50 U.S.C. § 526(a); *see Brown v. U.S. Postal Service*, 106 M.S.P.R. 12, ¶¶ 12-14 (2007) (applying the SCRA tolling provision to Board proceedings). The Board has also held that the relevant filing periods are automatically tolled for periods during which a servicemember is on active duty, and an appellant "need not show that the circumstances of his military service actually impaired his ability to pursue his legal rights in a timely fashion." *Neighoff v. Department of Homeland Security*, 122 M.S.P.R. 86, ¶ 10 (2015) (quoting *Henry v. U.S. Postal Service*, 69 M.S.P.R. 555, 558 (1996)).

Here, the records provided by the appellant show that his most recent active duty military deployment began on July 12, 2016, and ended on February 15, 2017, at the latest.[2] PFR File, Tab 5 at 17, 20. The order and summary of the

---

[2] Although the appellant's DD-214 identifies his active duty deployment release date as February 14, 2017, a Department of Veterans Affairs summary of disability benefits the appellant provided identifies his discharge date as February 15, 2017. PFR File, Tab 5 at 17, 20; *see Neighoff*, 122 M.S.P.R. 86, ¶ 9 (finding that a DD-214 form is controlling

status conference informing the appellant that his appeal would be dismissed for failure to prosecute if he did not respond to the administrative judge's order was issued after his deployment ended, on February 27, 2017, as was the initial decision dismissing the appeal on March 7, 2017. *See* IAF, Tabs 15, 16. The appellant did not file the petition for review until July 9, 2018, more than 1 year and 2 months after the petition for review filing deadline, and he has not alleged that he has served in another active duty deployment since his February 15, 2017 release date. Accordingly, we conclude that the automatic tolling provision of the SCRA is not applicable in this case. The appellant thus has failed to establish the existence of circumstances beyond his control affecting his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition for review. We dismiss the petition for review as untimely filed.

Finally, even if the petition had been timely filed, we would not find that the administrative judge abused her discretion by dismissing the appeal for failure to prosecute. *Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶ 9 (2008) (holding that the Board will not reverse an administrative judge's determination regarding sanctions absent a showing of abuse of discretion). Although sanctions should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders or has exhibited negligence or bad faith in its efforts to comply, *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000), the Board has found that an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 6 (2007). The appellant missed a scheduled status conference and failed to respond to an order to show cause. *See* IAF, Tab 15; Tab 16 at 1. Even when served with an order explicitly advising him of the possibility of dismissal, he did not provide any explanation or

_____

as to the date of the appellant's release from active duty).

justification for his failure to act.[3]  IAF, Tab 15.  Dismissal of the appeal for failure to prosecute, though extreme, serves the ends of justice in this case.  *See Heckman*, 106 M.S.P.R. 210, ¶ 6.

Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the underlying appeal.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] It is also clear that, despite his deployment, the appellant was well aware that he had an active case before the Board, because he filed a response to the second show cause order on February 6, 2017.  IAF, Tab 13.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

<u>receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board
Washington, D.C.