**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KAREEM DPHREPAULEZZ,
        Appellant,

     v.

SOCIAL SECURITY
    ADMINISTRATION,
        Agency.

DOCKET NUMBER
SF-0432-19-0137-I-1

DATE: June 28, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Kareem Dphrepaulezz</u>, Ontario, California, pro se.

<u>Lauren Marini</u>, Baltimore, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his chapter 43 performance-based demotion. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On November 25, 2018, the agency effected the appellant's chapter 43 performance-based demotion from his position of Supervisory Paralegal, GS-0950-13, Step 3, to Claims Specialist, GS-0105-11, Step 10. Initial Appeal File (IAF), Tab 10 at 117-22. The appellant filed a timely appeal, challenging the merits of his demotion. IAF, Tab 1. He further alleged that, in demoting him, the agency discriminated against him based on his race, retaliated against him for filing an equal employment opportunity complaint and for whistleblowing, committed harmful procedural error, and violated his due process rights. IAF, Tab 1, Tab 30, Tab 47, Initial Decision (ID) at 25.

On July 12, 2019, the administrative judge issued an initial decision affirming the agency's demotion action and finding that the appellant did not prove his affirmative defenses. ID at 1, 34, 36-37, 41. Therein, the administrative judge notified the appellant that the initial decision would become final on August 16, 2019, unless he filed a petition for review with the Board by that date. ID at 42.

On September 14, 2019, the appellant filed a petition for review, alleging that he had new and material evidence proving his race discrimination affirmative defense. Petition for Review (PFR) File, Tab 1 at 4-5. He also filed a motion requesting that the Board accept his petition as timely and/or waive the time limit for good cause based on this evidence. PFR File, Tab 3. The agency has filed a response to the appellant's petition for review and motion, to which the appellant has replied. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's petition for review is untimely by nearly 1 month.

A petition for review must be filed within 35 days after the initial decision was issued, or, if the petitioner shows he received the initial decision more than 5 days after its date of issuance, within 30 days of his receipt of the initial

decision. 5 C.F.R. § 1201.114(e). The appellant stated that he received the initial decision on July 16, 2019, not more than 5 days after its July 12, 2019 issuance.[2] PFR File, Tab 3 at 4. Thus, he had 35 days from the issuance date, or until August 16, 2019, to file his petition for review. ID at 1, 42; *see* 5 C.F.R. § 1201.114(e). Because he did not file until September 14, 2019, his petition for review is untimely by nearly 1 month. PFR File, Tab 1.

<u>The appellant has not shown good cause to waive the time limit.</u>

On review, the appellant requests that the Board reopen his appeal and argues that any untimeliness should be excused because he received new, dispositive evidence after the filing deadline. PFR File, Tab 1 at 4-5, Tab 3 at 4-5, Tab 5 at 5. The evidence is a letter, dated August 30, 2019, from the agency's Office of Labor-Management and Employee Relations (OLMER), advising him that, after an internal administrative investigation, it had substantiated claims he raised against the proposing official in an October 25, 2018 harassment complaint, and that it would take corrective action. PFR File, Tab 1 at 7 (OLMER letter), Tab 4 at 14; IAF, Tab 10 at 215-30. He asserts that, given this letter, the Board must find that the agency discriminated against him based on his race in demoting him. PFR File, Tab 1 at 4-5. He avers that the agency mailed the OLMER letter to his prior duty station and electronically to his agency email address, but that he only received the latter copy. PFR File, Tab 3 at 4. He contends that he did not receive the hardcopy because he was no longer at his prior duty station and that he was delayed in receiving the electronic version because he was receiving treatment for an illness from August 28 to August 30, 2019, and was out of state "caring for family members with medical issues until September 11, 2019." PFR File, Tab 3 at 4-5. He alleges that he

---

[2] Generally, an e-filer, such as the appellant, is presumed to have received the initial decision on its date of its issuance. IAF, Tab 1 at 2; *see Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006); 5 C.F.R. § 1201.14(m)(2) (2019).

acted diligently by filing his petition for review within 4 days of receiving the OLMER letter. PFR File, Tab 3 at 4-5.

When a party requests that the Board reopen an initial decision that became final after neither party filed a timely petition for review, as is the case here, the Board treats the request as an untimely filed petition for review. *Dunn v. Department of the Army*, 100 M.S.P.R. 89, ¶ 5 (2005). The Board will waive its filing deadline only upon a showing of good cause for the delay. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause for the untimely filing of a petition for review, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62–63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Discovery of new evidence may constitute good cause for a waiver of the Board's filing deadline if the evidence was not readily available before the record closed below and the appellant diligently files his petition for review after discovering such evidence. *See, e.g., Armstrong v. Department of the Treasury*, 591 F.3d 1358, 1362-63 (Fed. Cir. 2010).

Although the appellant is pro se, the nearly 1-month filing delay is significant. *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding a 1 month delay significant, notwithstanding the appellant's pro se status), *aff'd per curiam*, 301 F. App'x 982 (Fed. Cir. 2008). Although the appellant contends that he did not delay in filing his petition after receiving the OLMER letter, PFR File,

Tab 3 at 4, he has not shown that he acted with due diligence in discovering the OLMER letter. The agency issued the letter after the expiration of the filing deadline. PFR File, Tab 1 at 7; ID at 42; *cf. Sachs v. Office of Personnel Management*, 99 M.S.P.R. 521, ¶ 7 (2005) (finding that the Department of Veterans' Affair's letter awarding the appellant service-connected disability benefits was not new because the appellant was notified of the award prior to the letter's issuance and the close of the record below). However, the appellant was aware of the investigation; was interviewed by the agency in connection with it; and could have requested the underlying information during discovery, which began several weeks after the agency initiated its investigation on November 18, 2018. PFR File, Tab 1 at 7; IAF, Tab 2 at 2-3; *see Terry v. Equal Employment Opportunity Commission*, 111 M.S.P.R. 258, ¶ 8 (2009) (finding that documents the appellant could have obtained through discovery cannot be considered previously unavailable despite due diligence).

Furthermore, there is no indication that the appellant took any proactive measures before the expiration of the filing deadline to learn the status of the investigation, which concluded on June 28, 2018, or when to expect the agency's findings. He did not request an extension of time from the administrative judge below or the Clerk of the Board on review to allow him an opportunity to obtain and file evidence regarding the harassment investigation, which he should have expected to be forthcoming. *See generally Snipes v. Office of Personnel Management*, 32 M.S.P.R. 66, 67 (1987) (finding no good cause for the delay when the appellant failed to request an extension of time from the Board to obtain a report known to the appellant before the expiration of the filing period), *aff'd*, 831 F.2d 306 (Fed. Cir. 1987) (Table); 5 C.F.R. § 1201.114(f). To the extent that the appellant was merely waiting for the agency's decision on his October 25, 2019 harassment complaint, which was issued 14 days after the expiration of the filing deadline, such dilatoriness does not constitute good cause for the untimeliness of the petition for review. *See Dull v. Department of the Navy*,

76 M.S.P.R. 31, 34-35 (1997) (finding that the appellant's apparent decision to delay filing a petition for review in the hope of procuring additional evidence demonstrating his "innocence" did not constitute good cause for the untimeliness of his petition for review).  The appellant therefore has not shown good cause to waive the untimeliness of his petition based on the OLMER letter.

Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the demotion appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                        _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.