## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KIMBERLY D. STERLING, | DOCKET NUMBER |
| Appellant, | DA-315H-23-0093-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: August 29, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kimberly D. Sterling, Baton Rouge, Louisiana, pro se.

Kacy Coble, Esquire, and Tijuana Griffin, North Little Rock, Arkansas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed the appeal of her termination during her probationary period for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The administrative judge issued an initial decision on January 19, 2023, dismissing the appellant's appeal for lack of jurisdiction. Initial Appeal File (IAF), Tab 7, Initial Decision (ID). The initial decision advised the appellant that the deadline to file a petition for review was February 23, 2023, and provided information as to how to file a petition for review. ID at 5-9. The initial decision was sent to the appellant at her address of record, an apartment building in Baton Rouge, Louisiana, via U.S. Mail, on the date of issuance. IAF, Tab 8.

On March 21, 2023, the appellant filed a petition for review, arguing that she did not receive the initial decision until February 28, 2023, because she lost her mailbox key, had to request a new one be made, and the replacement mailbox key was received by her apartment complex manager on February 19, 2023. Petition for Review (PFR) File, Tab 1 at 1. The appellant's petition for review was not made under oath or penalty of perjury. *Id.*

The Acting Clerk of the Board acknowledged the Board's receipt of the petition for review and advised the appellant that it was filed after the February 23, 2023, deadline, and that the Board's regulations require that a petition for review that appears to be untimely filed be accompanied by a motion to accept the filing as timely and/or to waive the time limit for good cause. PFR File, Tab 2 at 1-2. The notice also informed the appellant that the motion must include either (1) a statement, signed under penalty of perjury, or (2) an affidavit, a sworn statement taken before a notary public or similarly authorized official. *Id.* at 2. Finally, the notice included a sample motion for the appellant's use. *Id.* at 7. The appellant did not respond to this notice.

**DISCUSSION OF ARGUMENTS ON REVIEW**

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of her petition for review. 5 C.F.R. § 1201.56(b)(2)(B); *see McPherson v. Department of the Treasury,* 104 M.S.P.R. 547, ¶ 4 (2007).

As discussed above, the appellant's petition for review was filed after the deadline date and the appellant's explanation of a lost mailbox key was not made in an affidavit or under penalty of perjury and the appellant did not respond to the Acting Clerk's notice affording her an opportunity to provide an explanation in such a form. PFR File, Tabs 1-2. The Board has held that when a party's explanation for the untimeliness of a pleading is not submitted in the form of an affidavit or a statement made under penalty of perjury, it is insufficient to establish the assertions it contains. *Strausbaugh v. Government Printing Office*, 117 M.S.P.R. 566, ¶ 10 (2012); *Cantrell v. U.S. Postal Service*, 32 M.S.P.R. 248, 250 (1987); *see Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 9 (2014) (stating that an untimely petition for review must be accompanied by a motion containing an affidavit or sworn statement). Thus, the appellant's explanation in her petition for review is insufficient to establish her assertions regarding receipt of the initial decision.

In any event, as also discussed above, the certificate of service confirms that the initial decision, dated January 19, 2023, was sent to the appellant's address of record via U.S. Mail. IAF, Tab 8. Correspondence which is properly addressed and sent to the appellant's address via postal or commercial delivery is presumed to have been duly delivered to the addressee in 5 days. *Cabarloc v. Department of Veterans Affairs*, 110 M.S.P.R. 695, ¶ 7 (2009); *Williamson v. U.S.*

*Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007); 5 C.F.R. § 1201.4(*l*). While the presumption of delivery may be overcome, an appellant may not avoid service of a properly addressed and mailed initial decision by intentional or negligent conduct which frustrates actual service. 5 C.F.R. §§ 1201.114(e), 1201.22(b)(3); *see Little v. U.S. Postal Service,* 124 M.S.P.R. 183, ¶¶ 8-9 (2017); *Marcantel v. Department of Energy,* 121 M.S.P.R. 330, ¶¶ 5-8 (2014). Here, the appellant's assertions on review, even if accepted as true, fail to show that the loss of the mailbox key was not the result of negligence on her part that frustrated actual service of the initial decision. Accordingly, we find that the appellant has not shown that she did not receive the initial decision in a timely fashion.

As the appellant filed her petition for review late, the issue is whether she established good cause to waive the time limit. The Board will waive a petition for review filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration,* 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control which affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Rivera,* 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army,* 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

As mentioned, the deadline to file a petition for review was February 23, 2023, and the appellant did not file her petition until March 21, 2023, 26 days late. The appellant has not established good cause for her delay in filing.

Although we recognize that the appellant is acting in a pro se capacity, a 26-day filing delay is significant. *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding that a 1-month filing delay was significant), *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008); *Blankenship v. Department of Veterans Affairs*, 98 M.S.P.R. 641, ¶ 7 (2005) (finding a 25-day filing delay significant). The appellant has not offered a persuasive excuse, shown that she acted with diligence, or set forth evidence of circumstances beyond her control that affected her ability to comply with the filing deadline. While the appellant alleges that she needed assistance acquiring a new mailbox key, she has not asserted when she lost her mailbox key so we cannot determine if she lost it before the initial decision arrived in her mailbox. PFR File, Tab 1 at 1. Furthermore, because she has not explained the circumstances surrounding the loss of the key, her attempts to locate it, and the details of her efforts to obtain a replacement key, we cannot determine if she suffered from circumstances beyond her control that affected her ability to timely file. *Id.*

Moreover, the appellant's allegations still include several unexplained delays. Despite acknowledging receipt of the initial decision on February 28, 2023, the appellant did not file her petition for review until more than 3 weeks later, on March 21, 2023. *Id.* Similarly, she has not explained the delay between the date she asserts the replacement key was sent to her apartment manager, February 19, 2023, and the date she claims to have received the initial decision, February 28, 2023. *Id*. Overall, we find that the appellant's actions fail to demonstrate ordinary prudence or due diligence. Therefore, we find no basis to waive the time limit for the appellant's petition for review.

Accordingly, we dismiss the appellant's petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's appeal of her termination.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                 _____
                               Gina K. Grippando
                               Clerk of the Board

Washington, D.C.