**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ANDREW BELL, | DOCKET NUMBER |
| Appellant, | AT-0353-14-0525-C-3 |
| v. | |
| DEPARTMENT OF TRANSPORTATION, | DATE: August 5, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew Bell</u>, Atlanta, Georgia, pro se.

<u>Daniel P. Kohlmeyer</u>, Esquire, Jamaica, New York, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, denying his third petition for enforcement. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The administrative judge issued a compliance initial decision on September 4, 2019, finding the agency in compliance with the parties' August 21, 2014 settlement agreement.  Compliance File (CF), Tab 6, Compliance Initial Decision (CID).  The compliance initial decision advised the appellant that the deadline to file a petition for review was October 9, 2019, and provided information as to how to file a petition for review.  CID at 5-9.  The compliance initial decision was sent to the appellant's address of record, via U.S. Mail, on September 4, 2019.  CF, Tab 7.

On November 19, 2019, the appellant hand-delivered a petition for review to the regional office, arguing, among other things, that the agency had not corrected his service computation date, and asserting that the agency engaged in bad acts, both before and after the signing of the settlement agreement, including interfering with his claim for Office of Workers' Compensation Programs benefits.  Compliance Petition for Review (CPFR) File, Tab 1 at 1-3.  That filing was forwarded to Board headquarters.  CPFR File, Tab 2.  The Acting Clerk of the Board issued a letter to the appellant asking him to clarify the purpose of his filing, *id.*, and the appellant stated that his filing should be considered a petition for review of the compliance initial decision in MSPB Docket No. AT-0353-14-0525-C-3, as well as the initial decision issued in the joined appeals of MSPB Docket Nos. AT-0343-14-0525-B-1, AT-0353-14-0524-B-1, and AT-3443-14-0184-B-2.[2]  CPFR File, Tab 4 at 4.

The Acting Clerk of the Board then issued the appellant an acknowledgment letter, advising him that his petition for review of the compliance initial decision was filed after the October 9, 2019 deadline, and that he should file a motion with the Board to accept the filing as timely, or to waive the time limit for good cause.  CPFR File, Tab 5 at 2.  The appellant filed a

[2] The Board has issued a separate decision addressing the appellant's petition for review in MSPB Docket Nos. AT-0343-14-0525-B-1, AT-0353-14-0524-B-1, and AT-3443-14-0184-B-2.

motion to accept his petition for review as timely filed, or to waive the time limit for good cause, explaining that he was out of town and unaware of the compliance initial decision until "on or after September 25, 2019." CPFR File, Tab 7 at 5. He also stated that he had reaggravated a wrist injury and that he filed the petition for review once his wrist healed and he could retrieve documents from his post office box.[3] *Id.* The agency responded in opposition to the appellant's petition for review. CPFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of his petition for review. 5 C.F.R. § 1201.56(b)(2)(B); *McPherson v. Department of the Treasury*, 104 M.S.P.R. 547, ¶ 4 (2007) (stating that the appellant bears the burden of proof with regards to timeliness, which he must establish by preponderant evidence).

A petition for review of the compliance initial decision was due no later than October 9, 2019. CID at 5. The appellant did not file his petition for review until November 19, 2019, i.e., approximately 6 weeks later. CPFR File, Tab 1. The certificate of service confirms that the compliance initial decision was sent to the appellant's post office box, via U.S. Mail. CF, Tab 7. The appellant has not claimed that the address was incorrect, or that he did not receive the compliance initial decision. In fact, the appellant confirms that he received the initial

---

[3] The appellant filed a second motion regarding the existence of good cause for his untimely filing on January 15, 2020, which repeated some of the arguments raised in his earlier filing. CPFR File, Tab 9 at 4-5. Although filed after the deadline set in the Acting Clerk's acknowledgment order, we have considered the appellant's pleading.

decision as of September 25, 2019. CPFR File, Tab 7 at 5. Therefore, the appellant has not established that his appeal was timely filed.[4]

As the appellant filed his petition for review late, the issue is whether he established good cause to waive the time limit. The Board will waive a petition for review time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Rivera*, 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

The appellant has not established good cause for his delay in filing. Although we recognize that the appellant is acting in a pro se capacity, a near 6-week filing delay is significant. *See, e.g.*, *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (finding that a filing delay of more than 1 month was significant, despite an appellant's pro se status); *Crook v. U.S.*

---

[4] The Board's decisions and regulations address various circumstances in which an individual failed to promptly retrieve a decision from a post office box or other location and then filed with the Board in an untimely fashion. *See, e.g.*, *Little v. U.S. Postal Service*, 124 M.S.P.R. 183, ¶¶ 8-9 (2017); *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶¶ 7-9 (2014); 5 C.F.R. § 1201.22(b)(3) & Examples 1. Regardless, even if we were to assume that the appellant did not receive the initial decision until September 25, 2019, per 5 C.F.R. § 1201.114(e), the appellant had until October 30, 2019, i.e., 30 days from the date of receipt, to file a petition for review. Thus, the appellant's petition for review would still be 20 days late.

*Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding that a 1-month filing delay was significant), *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008). The appellant has not offered a persuasive excuse, showed that he acted with diligence, or set forth circumstances beyond his control that affected his ability to comply with the filing deadline. In fact, the appellant admits he knew of the compliance initial decision as of September 25, 2019, i.e., 2 weeks prior to the filing deadline, but made no effort to file a timely petition for review, or request an extension of the filing deadline. CPFR File, Tab 7 at 5. Furthermore, although the appellant attached a medical note confirming that he injured his wrist, the note does not establish that the appellant was hospitalized or was otherwise medically incapacitated, such that he was unable to file a timely petition for review or request an extension.[5] *Id.* at 5, 19. Instead, we find that the appellant's actions demonstrate a lack of ordinary prudence or due diligence. Therefore, we find no basis to waive the time limit for the appellant's petition for review.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The compliance initial decision remains the final decision of the Board regarding the appellant's petition for enforcement.[6]

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

[5] The Acting Clerk of the Board notified the appellant of the elements necessary to establish that an untimely filing was the result of an illness or injury. PFR File, Tab 5 at 7, n.1.

[6] The Office of the Clerk of the Board has advised that a few of the pleadings submitted by the parties into the administrative record of the appellant's initial appeals during 2013 and 2014 could not be located. This administrative record issue has no impact on the disposition of this matter, and thus, it has not prejudiced the appellant.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.