# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VERA TERESA DAVIS-CLEWIS,<br>    Appellant, | DOCKET NUMBER<br>DA-0752-23-0162-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>    Agency. | DATE: February 10, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tracey Wallace</u>, Esquire, Dallas, Texas, for the appellant.

<u>Mackenzie Novak</u>, Esquire, and <u>Daniel Morvant</u>, Esquire, Denver, Colorado, for the agency.

<u>Brandi M. Powell</u>, Esquire, New Orleans, Louisiana, for the agency.

<u>Emily Huang</u>, Esquire, Houston, Texas, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a reduction in grade, finding that it was voluntary and thus outside of the Board's jurisdiction. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The administrative judge issued an initial decision on August 30, 2024, dismissing the appellant's appeal for lack of jurisdiction.  Initial Appeal File (IAF), Tab 71, Initial Decision (ID).  The initial decision advised the appellant that the deadline to file a petition for review was October 4, 2024, and provided information as to how to file a petition for review.  ID at 9-12.

On November 1, 2024, the appellant filed a petition for review, claiming that the administrative judge erred in dismissing her appeal.  Petition for Review (PFR) File, Tab 1.  The Acting Clerk of the Board acknowledged the Board's receipt of the petition for review and advised the appellant that it was filed after the October 4, 2024 deadline, and that the Board's regulations require that a petition for review that appears to be untimely filed be accompanied by a motion to accept the filing as timely and/or waive the time limit for good cause.  PFR File, Tab 2 at 1-2.  The appellant responded, arguing that she was notified of the initial decision by her attorney 9 days after it was issued, that she was unable to timely file her petition for review because she was undergoing medical procedures, and that she did not know that she could request an extension of time.  PFR File, Tab 3 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision.  5 C.F.R. § 1201.114(e).  It is the appellant's burden of proof, by a preponderance of the evidence, to establish the timeliness of her petition for review.  5 C.F.R.

§ 1201.56(b)(2)(B); *see McPherson v. Department of the Treasury,* 104 M.S.P.R. 547, ¶ 4 (2007).

As discussed above, the appellant's petition for review was filed after the deadline and the appellant's explanation that the attorney who represented her during her initial appeal notified her of the August 30, 2024, initial decision on September 8, 2024, does not show that she met the filing deadline. PFR File, Tab 3 at 4. The initial decision was electronically served on the appellant, as she was a registered e-filer. ID at 17, IAF, Tab 1 at 2. The Board's regulations provide that registration as an e-filer constitutes consent to accept electronic service of documents issued by the Board, and documents served electronically on e-filers are deemed received on the date of electronic transmission. 5 C.F.R. § 1201.14(e)(2). Thus, the appellant is deemed to have received the initial decision on the date of issuance, August 30, 2024. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014) (stating that, because the appellant and his representative were registered e-filers, they are deemed to have received the initial decision on the date it was issued).

Even if the filing period did not commence until the appellant received the initial decision from her representative, the appellant's petition for review would still be untimely filed because it would have been due 30 days after September 8, 2024, meaning the deadline would have been October 8, 2024. The record reflects, and the appellant does not dispute, that the petition for review was filed on November 1, 2024. PFR File, Tab 1. Accordingly, we find that the appellant has not shown that she filed her petition for review in a timely fashion.

As the appellant filed her petition for review late, the issue is whether she established good cause to waive the time limit. The Board will waive a petition for review filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security*

*Administration,* 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force,* 4 M.S.P.R. 180, 184 (1980)).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control which affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition.  *Rivera,* 111 M.S.P.R. 581, ¶ 4 (citing *Moorman v. Department of the Army,* 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)).

As mentioned, the deadline to file a petition for review was October 4, 2024, and the appellant did not file her petition until November 1, 2024, 28 days late.  The appellant has not established good cause for her delay in filing.  Although we recognize that the appellant is now acting in a pro se capacity, a 28-day filing delay is significant.  *See Crook v. U.S. Postal Service*, 108 M.S.P.R. 553, ¶ 6 (finding a 1-month filing delay significant), *aff'd*, 301 F. App'x 982 (Fed. Cir. 2008); *Blankenship v. Department of Veterans Affairs*, 98 M.S.P.R. 641, ¶ 7 (2005) (finding a 25-day filing delay significant).  The appellant has not offered a persuasive excuse, shown that she acted with diligence, or set forth evidence of circumstances beyond her control that affected her ability to comply with the filing deadline.  While the appellant alleges that she was preparing for and undergoing medical procedures that prevented her from timely filing, her allegations still include several unexplained delays between the issuance of the August 30, 2024, initial decision and the October 4, 2024, filing deadline.  PFR File, Tab 3 at 4-5.  The appellant submitted documentation showing that she was scheduled for a procedure on September 20, 2024, and that she was instructed that she could resume normal activities 3 days after the procedure.  *Id.* at 8-9.  She also submitted documentation showing that she was scheduled for a procedure on October 25, 2024, and that she was again instructed that she could resume normal

activities 3 days after the procedure. *Id.* at 10-11. First, only the September 20, 2024, medical procedure took place before the deadline for the appellant's petition for review, and altogether that procedure and recovery time only accounts for 4 days of the 35-day filing window. *Id.* at 8-9. Second, the appellant's assertion that she had to mentally prepare for the medical procedures does not include any specific explanation of why she was unable to file during the entire filing period. *Id.* at 4-5. Overall, we find that the appellant's actions fail to demonstrate ordinary prudence or due diligence. Therefore, we find no basis to waive the time limit for the appellant's petition for review.

Regarding the appellant's argument that she did not know that she could request an extension of time, *id.* at 5, while we understand that the appellant is proceeding pro se, the Board's regulations clearly articulate the requirements for an extension of time to file a pleading on review. 5 C.F.R. § 1201.114(f); *see Kennedy v. Department of Defense,* 100 M.S.P.R. 308, ¶ 9 (2005) (addressing an appellant's argument that she was not aware of, among other things, the Board's procedures regarding filing for an extension of time and stating that "unfamiliarity with Board procedures does not establish good cause."); *see also Baker v. U.S. Postal Service*, 80 M.S.P.R. 333, ¶ 5 (1998) (stating that unfamiliarity with Board procedures does not establish good cause), *aff'd*, 215 F.3d 1346 (Fed. Cir. 1999) (Table). The appellant could have consulted the Board's regulations or contacted the Board to request information regarding an extension of time, but she does not allege that she did so.

Accordingly, we dismiss the appellant's petition for review as untimely filed without good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's appeal claiming involuntary downgrade and demotion.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.